IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION


**DAVID RAY ARNOLD,**

    Plaintiff,

    v.

**UMATILLA COUNTY JAIL,** et al.,

    Defendants.

No. 2:16-cv-00108-MO

OPINION AND ORDER


    **MOSMAN, J.**,

    Defendants Davies, Gorbett, and McBean ("Nurse Defendants") and Defendants Umatilla County Jail and Jail Commander Harp ("Umatilla County Jail Defendants") filed Motions for Summary Judgment [55, 61] as to both the state and federal claims against them. For the reasons below, I GRANT both Motions for Summary Judgment and DISMISS all claims against Defendants.

## Background

    Plaintiff David Ray Arnold is an inmate at the Umatilla County Jail. He brought suit against the Umatilla County Jail, the Jail Commander, and three nurses who have a contract to provide medical care at the jail. Specifically, Mr. Arnold asserts three claims: claim one alleges medical malpractice and Eighth Amendment violations against the jail and its employees; claim

1 – OPINION AND ORDER

two alleges "pain and suffering" against the jail and its employees; and claim three alleges "cruel and unusual punishment" against the jail only. All three claims are grounded in Mr. Arnold's assertion that Defendants failed to adequately treat his dental problems and were deliberately indifferent to his need for dental care.

Mr. Arnold was booked into Umatilla County Jail on June 24, 2015. He alleges he alerted medical employees at the jail to his need for dental care at that time. Indeed, when asked if he had any "current dental problems" on his in-processing medical questionnaire, he wrote "yes." Later, on August 12, 2015, Mr. Arnold submitted two Inmate Request Forms asking for dental care. He was first seen by a nurse, who is not a defendant in this case, for his dental problems on August 18, 2015. During that appointment, the nurse determined that Mr. Arnold had a lower-level infection in his upper left dental area that she did not consider to be urgent. She prescribed a ten-day course of the antibiotic Augmentin and saltwater rinses for thirty days. Defendant Nurse Davies approved the prescription.

On September 1, 2015, Mr. Arnold submitted an Inmate Request Form, indicating that he still had an infection in his gums and requesting another round of antibiotics. He repeated this request for additional antibiotics in an Inmate Request Form dated September 12, 2015. Both Inmate Request Forms state that Mr. Arnold was seen by a nurse on October 16, 2015. During that examination, Mr. Arnold showed symptoms of an infection in a new location in his mouth, and he was prescribed another round of Augmentin and saltwater rinses. The infection in his upper left dental area appeared to be gone and Mr. Arnold does not allege that it was still present.

Mr. Arnold did not submit any additional requests for dental issues during his remaining six months of incarceration. On October 2, 2015, he submitted an Inmate Request Form that said, "Can I get a grievance? Need to grieve medical, thank you." Umatilla County Jail staff

two alleges "pain and suffering" against the jail and its employees; and claim three alleges "cruel and unusual punishment" against the jail only. All three claims are grounded in Mr. Arnold's assertion that Defendants failed to adequately treat his dental problems and were deliberately indifferent to his need for dental care.

Mr. Arnold was booked into Umatilla County Jail on June 24, 2015. He alleges he alerted medical employees at the jail to his need for dental care at that time. Indeed, when asked if he had any "current dental problems" on his in-processing medical questionnaire, he wrote "yes." Later, on August 12, 2015, Mr. Arnold submitted two Inmate Request Forms asking for dental care. He was first seen by a nurse, who is not a defendant in this case, for his dental problems on August 18, 2015. During that appointment, the nurse determined that Mr. Arnold had a lower-level infection in his upper left dental area that she did not consider to be urgent. She prescribed a ten-day course of the antibiotic Augmentin and saltwater rinses for thirty days. Defendant Nurse Davies approved the prescription.

On September 1, 2015, Mr. Arnold submitted an Inmate Request Form, indicating that he still had an infection in his gums and requesting another round of antibiotics. He repeated this request for additional antibiotics in an Inmate Request Form dated September 12, 2015. Both Inmate Request Forms state that Mr. Arnold was seen by a nurse on October 16, 2015. During that examination, Mr. Arnold showed symptoms of an infection in a new location in his mouth, and he was prescribed another round of Augmentin and saltwater rinses. The infection in his upper left dental area appeared to be gone and Mr. Arnold does not allege that it was still present.

Mr. Arnold did not submit any additional requests for dental issues during his remaining six months of incarceration. On October 2, 2015, he submitted an Inmate Request Form that said, "Can I get a grievance? Need to grieve medical, thank you." Umatilla County Jail staff

responded, "What do you need a grievance for?" Mr. Arnold submitted another Inmate Request Form on October 4, 2014, which said: "I need a grievance form to grieve medical. Thank you for your time and concern in this matter." Umatilla County Jail staff again responded by stating, "Need to state the nature of the grievance." Mr. Arnold failed to submit any additional information and did not take further action with regard to those grievances. Instead, on January 21, 2016, he filed this lawsuit. Defendants were notified of this lawsuit when they were served with Mr. Arnold's Amended Complaint on April 18, 2016. Discovery in this case was completed on August 4, 2016 and Defendants have filed two Motions for Summary Judgment.

### Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate, through the production of evidence listed in Fed. R. Civ. P. 56(c)(1), that there remains a "genuine issue for trial." *Celotex*, 477 U.S. at 324. The non-moving party may not rely upon the pleading allegations. *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing Fed. R. Civ. P. 56(e)). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### Analysis

Defendants contend they are entitled to summary judgment as to the federal and state law claims against them. Nurse Defendants and Umatilla County Jail Defendants each filed a

Motion for Summary Judgment, which cross-references and incorporates the other defendants' motion. I will consider the Motions for Summary Judgment on the federal claims and the state claims in turn.

**A. Federal Claims**

Mr. Arnold alleges two federal claims against Defendants in their official capacities, both grounded in the Eighth Amendment. Claim One appears to allege that Defendants violated Mr. Arnold's Eighth Amendment right to medical care by committing medical malpractice. Claim Three alleges the Umatilla County Jail Defendants violated Mr. Arnold's Eighth Amendment right against cruel and unusual punishment, based on Mr. Arnold's allegations that employees at the jail allowed the medical malpractice and his pain and suffering to occur. Defendants argue they are entitled to summary judgment because Mr. Arnold failed to exhaust administrative remedies and failed to state a plausible civil rights claim. Because I determine Mr. Arnold failed to exhaust administrative remedies, which is fatal to his brining these federal claims, I do not need to consider whether he has adequately stated a plausible claim for relief.

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust all available administrative remedies prior to filing an action "with respect to prison conditions" under Section 1983 or any other Federal law. *Porter v. Nussle,* 534 U.S. 516, 524 (2002); *see also* 42 U.S.C. § 1997e(a). A "prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (citation omitted). The prisoner must provide the level of detail required by the prison's regulations. *Jones v. Bock*, 549 U.S. 199, 218 (2007). But, when the prison's regulations are "incomplete as to the factual specificity [required in an inmate's grievance], a grievance suffices if it alerts the prison to the nature of the wrong for which redress

is sought." *Griffin*, 557 F.3d at 1120 (internal quotation marks omitted) (explaining that the "primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation"). Ultimately, failure to exhaust administrative remedies is an affirmative defense on which Defendants bear the burden of proof. *Jones,* 549 U.S. at 212.

Defendants allege that Mr. Arnold failed to exhaust his administrative remedies pursuant to Umatilla County Jail's four-step grievance process. The first step requires an inmate to submit an Inmate Request Form to a corrections officer. This allows the officer to try to resolve the problem immediately. If the officer cannot resolve the problem or if the inmate is dissatisfied with the result, the process moves to the next step, which includes filing a formal grievance. Defendants claim that Mr. Arnold attempt to exhaust his administrative remedies ceased at this first step because he refused to tell the corrections officers about the nature of his complaint on the Inmate Request Forms.

There is no dispute that Mr. Arnold's only relevant attempts to grieve the medical care he received in September were the two Inmate Request Forms he submitted in October. Mr. Arnold argues that the Corrections Officers' refusal to provide him with a grievance form is evidence that his attempts to exhaust his administrative remedies were blocked by officers at the jail. But, a corrections officer at the Umatilla County Jail explained that the blanket statement "grieve medical" did not provide the corrections officers with enough information to try to immediately resolve the complaint at step one, or to determine whether the complaint constituted a valid grievance. In other words, Mr. Arnold's failure to provide more information left the officers without enough information to proceed.

It is clear that Mr. Arnold failed to exhaust his administrative remedies as a matter of law because the Inmate Request Forms seeking to "grieve medical" did not alert the prison to the

5 – OPINION AND ORDER

nature of the wrong for which he sought redress. The jail's grievance policy clearly states that corrections officers are required to make every effort to immediately correct the situation at step one when an inmate has a legitimate grievance. In fact, if the complaint is an emergency, the officer will expedite the process by taking the complaint directly to the shift supervisor. Obviously, the corrections officer must have some details about the nature of the complaint in order for him to have any ability to resolve the issue at step one. Mr. Arnold's request to "grieve medical" did not provide sufficient details, and he alone is responsible for his decision not to provide the additional information. Accordingly, I GRANT Defendants Motion for Summary Judgment as to the federal claims in Claim One and Claim Three.

### B. Oregon State Law Claims

Mr. Arnold also brings Oregon state law claims against Defendants in Claim One and Claim Two. These claims allege that Defendants are liable for medical malpractice and the pain and suffering he experienced as a result. Defendants argue they are entitled to summary judgment on these claims on both procedural and substantive grounds. Because Mr. Arnold failed to provide Defendants with a timely tort claim notice as required by the Oregon Tort Claims Act, I do not consider the merits of Defendants' substantive arguments.

The Oregon Tort Claims Act requires plaintiffs to give notice of intent to assert a claim for damages when they bring a claim against a government entity or an officer, employee, or agent of the public body. Or. Rev. Stat. § 30.275(1) (West 2016). The term "agent" under the Act refers to an individual who is subject to the right of control of the public body. *Giese v. Bay Area Health Dist.*, 790 P.2d 1198, 1200 (Or. App. 1990). Notice must be given within 180 days after the alleged loss or injury. Or. Rev. Stat. § 30.275(2)(b) (West 2016). "The requirement that notice be given timely is a substantive condition precedent to recovery under the Oregon

Tort Claims Act" and the failure to satisfy that condition "deprives a plaintiff of the right to make a claim." *Orr v. City of Eugene*, 950 P.2d 397, 398 (Or. App. 1997) (citation omitted). The plaintiff has the burden of pleading and proving that timely notice was provided to the proper entity. *See Urban Renewal Agency of Coos Bay v. Lackey*, 549 P.2d 657, 660 (Or. 1976) (en banc).

Here, it is clear that the Oregon Tort Claims Act required Mr. Arnold to provide Defendants with a tort claim notice within 180 days of his alleged injury. Defendants claim they were not provided with notice of a tort claim until they received Mr. Arnold's Complaint on April 18, 2016, which was more than 180 days after October 16, 2015, the last date when Mr. Arnold claims to have been subjected to negligent medical care. Mr. Arnold does not dispute Defendants' date of service, but argues that his failure to provide timely tort claim notice should be excused because he was still trying to exhaust his administrative remedies and seek medical help. Further, he argues the timeline should be tolled until he was released from jail on April 4, 2016.

Mr. Arnold did not provide any evidence to support his allegation that he continued to seek dental treatment after October 16, 2015 for the dental infections he had in September. He also did not provide any legal analysis to support his tolling argument. Accordingly, I find October 16, 2015 to be the last date of his alleged injury and the proper date from which to begin measuring the 180 day notice requirement. Because his notice was not timely, which is fatal to the first and second claims, I do not need to consider Defendants' other arguments as to these claims. Therefore, I GRANT Defendants' Motions for Summary Judgment as to the Oregon state law claims in Claim One and as to Claim Two.

7 – OPINION AND ORDER

**Conclusion**

For the reasons stated above, the Umatilla County Jail Defendants' and the Nurse Defendants' Motions for Summary Judgment [55, 61] are GRANTED. All claims against Defendants are dismissed with prejudice.

IT IS SO ORDERED.

DATED this __10th__ day of November, 2016.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Court Judge
